UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE KELLERMAN,

        Plaintiff,

Case No. 1:05-CV-116

v.

Hon. Richard Alan Enslen

DUANE SIMPSON, R.N.;
SANDRA SHUBNELL, R.N.;
the COUNTY OF KALAMAZOO,
and JACK HUNT, M.D., in their
individual capacities,

**OPINION**

        Defendants.
_____/

Defendant County of Kalamazoo has moved for judgment on the pleadings in this section 1983 suit involving allegedly deficient health treatment of a jail inmate. Plaintiff Jamie Kellerman has opposed the dismissal and Defendant has failed to timely reply. Oral argument is unnecessary since the issue raised is facile.

Plaintiff's Complaint alleges that while she was incarcerated in the Kalamazoo County Jail, her rights under the Eighth Amendment to the United States Constitution were violated by deliberate indifference and failure to provide adequate medical treatment of an infected foot, which failure allegedly resulted in a serious hospitalization and a partial amputation of the foot. Plaintiff's Complaint is brief and is stated in one count. Neither the factual or legal allegations describe any policy or practice of Kalamazoo County nor any failure to train by Kalamazoo County which caused the lack of medical treatment. The only allegations pertinent to the County's liability are allegations

that the individual Defendants were employed by the County (Am. Compl., ¶¶ 2-5 & 21) and Plaintiff was incarcerated by the County at the County Jail (*Id.* at ¶¶ 9-10 & 22).

Defendant Kalamazoo County argues in its motion that liability may not be premised on *respondeat superior*. Plaintiff's Response agrees that liability may not be premised on *respondeat superior* and implies that some other basis for liability exists, but fails to explain the basis for liability of the County, if any.

## **LEGAL STANDARDS**

Defendant Kalamazoo County has requested judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the ground that the allegations made in the pleadings establish that it is entitled to judgment as a matter of law. The standard for deciding a motion for judgment on the pleadings is the same standard applicable to motions under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Under Rule 12(b)(6), a court must accept all well-pleaded allegations of the complaint as true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). To support a claim for relief, the allegations of the complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993).

2

**LEGAL ANALYSIS**

While Plaintiff's counsel admits that there is not *respondeat superior* liability as to the County, counsel does not seem to have heeded the lesson of the United States Supreme Court case which created that rule. In *Monell v. Dep't of Soc. Servs.,* the Supreme Court said:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. 658, 694 (1978). *See also* Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403-04 (1997) (following *Monell*).

Since *Monell*, the Supreme Court's decision in *City of Canton v. Harris,* 489 U.S. 378, 379 (1989), has also provided a basis for liability of local governments premised on a failure to train. However, the Supreme Court intended that this kind of liability would also be limited to cases in which it is shown that: (1) the training was inadequate to the assigned tasks; (2) the inadequacy is the result of deliberate indifference on behalf of a policy maker or makers for the local government; and (3) the inadequacy was "closely related to" or "actually caused" the plaintiff's injuries. *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992) (citing *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir. 1989) (citing *City of Canton, supra*). In particular, the deliberate indifference standard is a stringent one and generally requires proof that a policy maker ignored either a history of prior constitutional violations or acted under circumstances where the likelihood of future constitutional violations given the deficient training was obvious and palpable. *See Board of County Comm'rs of Bryan County,* 520 U.S. at 407-08; *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir. 1997).

Suffice it to say, the allegations of the County's liability are woefully inadequate under the case law.  There is no suggestion of a policy or custom of the County which caused the injuries.  There is no suggestion of a failure to train which was a moving force behind the injuries.  There is no suggestion of any action by a policy maker of the County which could implicate the County in the alleged Eighth Amendment violations.  Given the state of the pleadings, Defendant Kalamazoo County is entitled to judgment on the pleadings under Rule 12(c).  Plaintiff's Amended Complaint fails to meet even the basic and minimal expectations of the Federal Rules of Civil Procedure and does not allege a claim against the County of Kalamazoo.

## **CONCLUSION**

In accordance with this Opinion, a Partial Judgment shall enter dismissing all of Plaintiff's claims against Kalamazoo County.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:   RICHARD ALAN ENSLEN
June 9, 2005   UNITED STATES DISTRICT JUDGE