UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE KELLERMAN,

   Plaintiff,

Case No. 1:05-CV-116

v.

Hon. Richard Alan Enslen

DUANE SIMPSON, R.N.,
SANDRA SHUBNELL, R.N.,
and JACK HUNT, M.D.,
in their individual capacities,

**ORDER**

   Defendants.
_____/

  Defendant Jack Hunt, M.D., has moved for summary judgment concerning Plaintiff Jamie Kellerman's claim against him under 42 U.S.C. § 1983 and the Eighth Amendment.[1]  The Motion has been fully briefed and oral argument is unnecessary.

  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the

---

[1] Plaintiff's Complaint has also pled the Fourteenth Amendment. The Fourteenth Amendment is applicable to the medical care of pretrial detainees, but where the Plaintiff is a convicted person (*See* Compl., ¶ 10), the source of the constitutional right is the Eighth Amendment.

record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In the instant case, summary judgment depends on an analysis of whether the care Defendant Hunt provided to Jamie Kellerman was constitutionally deficient in violation of the Eighth Amendment. For Plaintiff to prove her claim, she must show both the objective and subjective elements of an Eighth Amendment claim; that is, that she was denied care or provided grossly insufficient care as to a serious medical condition; and that the care provider acted either intentionally or recklessly in doing so. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). In this case, Plaintiff suffered a bacterial infection to her left foot. She sought and received some medical care pertaining to the foot, and made two visits to Dr. Hunt, one on December 3, 2003 and one on December 6, 2003. After the visits to Dr. Hunt, her condition worsened. During the course of the illness, she contracted a septic infection of the foot spreading to her knee, septic shock, and respiratory distress. As a consequence, a good portion of the soft tissue on her left foot was amputated.

On the present record, there are simply genuine issues of material fact which preclude summary judgment in Defendant's favor. These questions concern the condition of the foot on December 3, 2003; whether Dr. Hunt examined Plaintiff's foot on December 3, 2003 (or examined only other conditions on that day); the condition of the foot on December 6, 2003; whether or not Defendant prescribed Augmentin on December 6, 2003; whether the response (whatever it was) was a grossly insufficient and reckless response to a possible septic infection; and whether Defendant's

failure to closely monitor Plaintiff's condition after December 6, 2003 was a grossly insufficient and reckless response to a possible septic infection. These factual questions as to the record also preclude a determination that Defendant is entitled to qualified immunity. *See Taylor v. Franklin County, Ky.*, 104 Fed. Appx. 531, 542-43, 2004 WL 1595203,**10 (6th Cir. July 14, 2004) (denying qualified immunity to Defendants where evidence supported that they denied necessary medical care as to a serious condition); *Claybrook v. Birchwell*, 274 F.3d 1098, 1105 (6th Cir. 2001) (holding that where genuine issues of material fact remain disputed qualified immunity is inappropriate); *see also Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding that the denial of qualified immunity because of factual issues is not a "final determination" for the purpose of appellate review). Additionally, the Court is persuaded by Plaintiff's argument that summary judgment would be particularly inappropriate at this time because of the pendency of discovery.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Jack Hunt's Motion for Summary Judgment (Dkt. No. 31) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    August 23, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |